IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHRISTOPHER A. O'CONNOR | § | |
|     Plaintiff | § | Case No.: 09-CV-1180 (KAM) (JO) |
| v. | § | |
| GEMINI ASSET RECOVERIES INC. | § | |
| | § | |
| COHEN & SLAMOWITZ, LLP | § | |
| | § | |
|     Defendants | § | |

## ORIGINAL JOINT STIPULATIONS

The parties stipulate the following issues of fact or law:

1.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2.  Each Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

3.  The obligation alleged by Defendants in the underlying action is a "debt" as defined by 15 U.S.C. § 1692a(5).

4.  Defendant Gemini purchased the debt that formed the basis of the underlying lawsuit after it went in default with the alleged original creditor.

5.  Defendants' litigation in the underlying action constituted an attempt to collect a debt within the meaning of the Fair Debt Collection Practices Act (FDCPA).

6.  The sending of collection letters sent by Defendant Cohen & Slamowitz, on behalf of Defendant Gemini, are attempts to collect a debt within the meaning of the FDCPA.

7.  All collection attempts by Defendant Gemini were made by and through its agent and attorney Defendant Cohen & Slamowitz.

8. Defendant Gemini is liable for the violations of the Fair Debt Collection Practices Act, if any, made by Defendant Cohen & Slamowitz for the latter's attempts to collect debts on behalf of Gemini.

9. The knowledge of Defendant Cohen & Slamowitz is imputed to Defendant Gemini regarding Defendant Cohen's attempt to collect debts on behalf of Gemini.

10. Plaintiff Christopher O'Connor claims to be the victim of identity theft regarding an alleged debt to Fleet Bank (Fleet Bank is now Bank of America).

11. All letters referred to in this stipulation were sent on or about the date indicated on the letter, and were received by the party to whom it was addressed within several days thereafter, unless otherwise stated. There is no such stipulation as to Defendant's proposed exhibits.

12. Since November 2005 debt collectors have been attempting to collect an credit card debt alleged to be owed to Fleet Bank.

13. Plaintiff claims he did have a Fleet Bank card at one point, but, Plaintiff claims, he never incurred the charges, authorized the charges, knew about the charges, or benefited in any way from the charges that Defendants were seeking to collect on that card.

14. Defendants contacted Plaintiff by sending him collection letters dated January 4 and 6, 2006 for the alleged Fleet Bank credit card charges.

15. In January 2006, after receiving a copy of the letters dated January 4 and 6, 2006, Plaintiff went to the website of Cohen & Slamowitz website sent Defendants electronically a written dispute of the debt. That dispute was received by Defendants.

16. Plaintiff stated in his electronic dispute that Defendants were seeking to collect was not

his, that he had been battling prior debt collectors over this debt, and that Defendants should contact the prior debt collector to verify this. Plaintiff demanded a statement listing the alleged transactions that Defendants believed Plaintiff incurred, and told them he considered the matter closed if I did not receive that information.

17. CACV of Colorado is also known as CACH or Collect America.

18. Defendants never contacted CACV of Colorado (CACH) or Davis Law Associates to determine if Plaintiff in fact sent them an identity theft affidavit, proof of address or any other dispute of the alleged debt.

19. Between the dates when Defendants filed the state court collections lawsuit, January 11, 2008, and when counsel for O'Connor noticed an appearance, April 9, 2008, Gemini took no steps to determine if Plaintiff really owed the debt upon which Gemini filed suit. After Defendants filed the debt collections lawsuit, January 11, 2008, Cohen & Slamowitz received correspondence from Plaintiff stating he was the victim of identity theft. After Cohen & Slamowitz received this correspondence, it took no steps to verify whether Plaintiff actually owed the money. The parties discontinued the state court collections suit.

20. January 11, 2008 Defendant filed a complaint to collect the alleged debt in Brooklyn Civil Court in Index Number CV-015197-08/KI, Gemini Asset Recoveries Inc v. Christopher A. O'Connor.

21. On January 27, 2008 Defendant Cohen & Slamowitz sent Plaintiff a letter stating that their client Gemini had authorized them to proceed with a lawsuit against Plaintiff for the Fleet Bank debt.

22. On February 27, 2008 Plaintiff sent a letter to Defendants stating that the debt was not his.

23. On March 14, 2008 Defendants sent Plaintiff a collections letter stating that the "balance due" was $813.12. This balance rolled in a $45.00 index number fee.

24. On March 26, 2008 sent Defendants a letter stating that the debt they were attempting to seek was not his but rather was the result of identity theft. Included with the letter were supporting documents that included the following: 1) 2008 identity theft affidavit; 2) driver's license; 3) complaint to police; 4) utility bills; 5) December 17, 2004 theft affidavit; 6) January 14, 2005 fax to prior debt collector [absent billing statements]; and 7) US Post Office mail theft complaint form completed by Plaintiff.

25. Plaintiff sent a copy of the March 26, 2008 letter and the attachments – including the mail theft compliant -- to the post office criminal investigations section.

26. On March 26, 2008 Plaintiff filed a verified pro se answer stating, under oath, that the debt was not his but rather the result of identity theft. Defendants received a copy of the verified answer.

27. Upon Plaintiff filing an answer, the Court set the case for trial on April 9, 2008.

28. On April 3, 2008 Plaintiff faxed Defendants a letter demanding that Defendants dismiss the suit prior to the April 9, 2008 trial date.

29. Plaintiff wanted Cohen to dismiss the lawsuit prior to the hearing. Plaintiff faxed Cohen a letter on April 3, 2008. A copy of the letter attached and incorporated by reference. The letter again stated the debt was not his, and demanded that the suit be dismissed before the hearing on

April 3, 2009. Cohen would not dismiss the lawsuit at that time.

30. Because Defendants would not dismiss the collections lawsuit, Plaintiff was forced to retain an attorney to represent him in the state court lawsuit.

31. On April 9, 2008 counsel for Mr. O'Connor filed a notice of appearance.

32. Attorney's fees incurred by Mr. O'Connor in defending the state court collections lawsuit are actual damages.

33. Mr. O'Connor incurred $1,250 in reasonable and necessary attorney's fees in defending the state court collections lawsuit.

34. A stipulation of discontinuance with prejudice was not filed in the collections lawsuit until October 6, 2008, some 10 months after the collections suit was filed.

35. The parties stipulate to the admission of the following exhibits.

## Stipulated exhibits

| Exhibit #. | Description of exhibit (and date of document). | Admission stipulated? | Bates # |
|---|---|---|---|
| 1. | January 4, 2006 collection letter from Defendants to Plaintiff. | Yes | |
| 2. | January 6, 2006 collection letter of from Defendants to Plaintiff. | Yes | |
| 3. | January 11, 2008 summons and complaint. | Yes | |
| 4. | January 14, 2008. Letter from Cohen to Plaintiff (without enclosures). | Yes | |
| 5. | January 27, 2008 letter from Cohen stating Gemini has authorized them to file suit. | Yes | |
| 6. | February 27, 2008 dispute letter from Plaintiff to Defendants. | Yes | |
| 7. | March 7, 2008 letter from Cohen to Plaintiff with copy of summons and complaint. | Yes | |
| 8. | March 26, 2008 letter to Cohen (with supporting documents: 1) 2008 identity theft affidavit; 2) driver's license; 3) complaint to police; 4) utility bills; 5) December 17, 2004 theft affidavit; 6) January 14, 2005 fax to prior debt collector [absent billing statements]; and 7) US Post Office mail theft complaint form completed by Plaintiff | Yes (as to the identity theft affidavits admission is stipulated to only for the purpose of notice) | |
| 9. | March 26, 2008 envelope (from Plaintiff to Defendant Cohen) | Yes | |
| 10. | US Post Office mail theft complaint form completed by Plaintiff and received by Defendants | Yes | |
| 11. | March 26, 2008 "green slip" for letters to Defendant Cohen. | Yes | |
| 12. | . March 26, 2008 "green slip" for theft affidavit to US Postal Inspector | Yes | |
| 13. | Credit card receipt for purchase of postage for certified letters. | Yes | |
| 14. | March 26, 2008 pro se answer | Yes | |
| 15. | "Green card" to Cohen stamped March 28, 2008 | Yes | |

| | | | |
|---|---|---|---|
| 16. | "Green card to Cohen" signed for on April 3, 2008. | Yes | |
| 17. | Court notice of bench trial for April 9, 2008. | Yes | |
| 18. | April 3, 2008 Plaintiff letter to Defendants demanding dismissal of suit, and screen shots confirming delivery of fax. | Yes | |
| 19. | April 9, 2008. Notice of appearance of counsel for Plaintiff. | Yes | |
| 20. | May 23, 2008. Plaintiff's dispute of debt to Bank of America (green slip). | Yes | |
| 21. | May 29, 2008 police report. | Yes | |
| 22. | July 23, 2008 letter between Collect America and Empire regarding recall of debt. | Yes | |
| 23. | August 26, 2008 Bank of America letter concluding account is fraudulent (with the supporting documents listed in exhibit # 8) | Yes | |
| 24. | September 2, 2008 fax from counsel for O'Connor to Cohen & Slamowitz. | Yes | |
| 25. | September 28, 2008 cover letter of Cohen for filing of stipulation of discontinuance. | Yes | |
| 26. | October 6, 2008 Stipulation of discontinuance with prejudice. | Yes | |
| 27. | Cohen & Slamowitz website. | Yes | |
| | | | |

NOV-12-2009 18:30 From:
Case 1:09-cv-01180-KAM-JO   Document 33   Filed 11/12/09   Page 8 of 8 PageID #: 233
To: 877  496 7809   P.9/9
From: Ahmad Keshavarz (877) 496-7809  To: Karl Zamurs
Date: 11/12/2009 Time: 5:04:58 PM
Page 9 of 9

**AGREED AND STIPULATED:**

*[signature]*

Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
Attorneys for Plaintiff

**AGREED AND STIPULATED:**

*[signature]*

Karl Zamurs
GARCIA & STALLONE
Attorneys for Defendants

8