```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHRISTOPHER A. O'CONNOR,
                            Plaintiff,                         **MEMORANDUM
                                                                AND ORDER**
        - against -
                                                               09-CV-1180 (KAM) (JO)
GEMINI ASSET RECOVERIES, INC., et al.,
                            Defendants.
----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

In a letter-motion dated November 12, 2009, plaintiff Christopher O'Connor ("O'Connor") seeks an order precluding the defendants from using documents that the plaintiff alleges were responsive but unproduced during discovery and from offering testimony based on those documents, or in the alternative, compelling the defendants to produce the materials. Docket Entry ("DE") 34. For the reasons set forth below, I grant the request to compel in part and deny it in part without prejudice to renewal, and I also deny without prejudice to renewal the request to preclude evidence.

I.      Background

Pursuant to a scheduling order, all discovery in this case was to be completed by October 9, 2009. DE 22. At an interim pretrial conference after the close of discovery, I concluded that the defendants had improperly failed to disclose information pertinent to a legal theory they intend to litigate in defending against O'Connor's claims. DE 31. I therefore re-opened discovery and ordered the defendants to make a supplemental production by November 5, 2009. *Id*. In the event the defendants continued to withhold discoverable information, I further ordered O'Connor to make any motion to compel by November 12, 2009. DE 32. On the last day for making such a motion, O'Connor asked me to preclude the admission of several categories of

documents that he alleges were responsive to his discovery requests but that the defendants did not produce (as well as testimony based on such documents); in the alternative, O'Connor asks for an order compelling the defendants to produce the materials at issue. DE 34.

II.     Discussion

O'Connor claims that defendants Cohen & Slamowitz LLP ("Cohen") and Gemini Asset Recoveries, Inc. ("Gemini") violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.*, by using various prohibited means to attempt to collect a purported debt after receiving notice that O'Connor was not responsible for it. DE 1. The defendants counter that they are not liable because Cohen had proper debt verification procedures in place and because any prohibited conduct was the result of a bona fide error. DE 30. To test that defense, O'Connor has asked the defendants to produce four categories of records that are now at issue: documents reflecting Cohen's calls to O'Connor; records of communications between Cohen and Gemini concerning O'Connor's disputed debt prior to this lawsuit; the Cohen law firm's "case notes" regarding O'Connor's disputed debt;[1] and all documents on which the defendants base their "bona fide error" defense, including the defendants' training and policy manuals and evaluations. DE 34 ("Motion") ¶¶ 12-14 & nn. 2-3.

The defendants withheld the first three categories of records on the basis of a blanket assertion of privilege, but have never produced a privilege log as required. *See* Fed. R. Civ. P. 26(b)(5); Loc. Civ. R. 26.2 (providing specific requirements for privilege log). I order the defendants to provide a complete log for each responsive document withheld on the basis of

---

[1] O'Connor defines "case notes" to include the records of all steps taken by a debt collector in attempting to collect a debt, including the initials of the individuals taking those steps and the dates and times of their actions. DE 34 ¶ 14.

privilege no later than December 21, 2009. Failure to comply will result in the waiver of any such privilege.

Cohen purports to have provided the relevant case notes in response to the instant motion. DE 35 ("Opp.") at 3. To the extent there are any remaining case notes it has withheld on the basis of privilege, it must provide a log. Regardless of whether the notes recently provided are complete, I note that Cohen's decision to file them on the docket violates applicable rules. *See* Fed. R. Civ. P. 5(d)(1) (generally prohibiting the filing of discovery materials); Fed. R. Civ. P. 5.2 (prohibiting the filing of documents with certain categories of personal information, including complete birth dates). I therefore respectfully direct the Clerk to seal the defendants' submission and order the defendants to file a substitute that complies with the applicable rules. Moreover, because the case notes often refer to persons only with initials and use unintelligible codes throughout, I further order Cohen to produce, no later than December 21, 2009, a glossary that provides the names of all persons identified by initials in the case notes and that defines all coded or abbreviated references in the notes.

As for the fourth category of documents O'Connor seeks, the defendants do not contest that the written internal procedures on which they base their bona fide error defense are discoverable; instead, they describe them as "proprietary" and resist providing them in discovery pending the entry of an appropriate protective order. Opp. at 3. Rather than engage in the self-help of simply withholding the responsive documents, the defendants should long ago have moved for a protective order. The plaintiff should likewise have flagged the issue rather than simply allow it to fester and then seek sanctions that undermine the parties' ability to try the case on the merits. I therefore direct the parties to meet and confer on the matter. No later than

December 21, 2009, they must submit either a stipulated protective order governing the dissemination of the internal procedures at issue, or a draft order that presents the competing versions of the specific provisions on which the parties cannot agree. I will then enter an appropriate order concerning the dissemination of the discovery materials; I direct the defendants to provide all responsive materials no later than one day after the entry of such an order.

III.  Conclusion

For the reasons set forth above, I grant plaintiff O'Connor's motion in part and deny it in part. Specifically, I order the defendants to produce no later than December 21, 2009, a privilege log for each responsive document withheld on the basis of privilege and a glossary naming all individuals whose initials appear in the case notes and defining all coded or abbreviated references therein. I deny plaintiff O'Connor's request to compel production of the defendants' internal procedures, without prejudice to renewal. Instead, I order the parties to submit, no later than December 21, 2009, either a joint stipulated protective order or a draft order with competing versions of the disputed provisions; I further order that the defendants shall produce all responsive materials no later than one day after the entry of any protective order. Finally, I deny O'Connor's request to preclude any evidence, without prejudice to renewal; and caution the defendants that continued failure to discharge their discovery obligations will result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 37.

**SO ORDERED.**

Dated: Brooklyn, New York
December 15, 2009

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge