**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **CHRISTOPHER A. O'CONNOR** § | | |
|     **Plaintiff** § | **Case No.: 09-CV-1180 (KAM) (JO)** | |
| v. § | | |
| **GEMINI ASSET RECOVERIES INC.** § | **FIRST-AMENDED ORIGINAL** | |
| | **COMPLAINT AND JURY DEMAND** | |
| §  | | |
| **Cohen & Slamowitz LLP** § | | |
| § | | |
|     **Defendants** § | | |

    Plaintiff, CHRISTOPHER A. O'CONNOR ("O'CONNOR") brings suit against Defendants GEMINI ASSET RECOVERIES INC. ("GEMINI") and Cohen & Slamowitz LLP ("Cohen") for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692. in seeking and continuing to collect an alleged debt against the victim of identity theft.

### A.   JURISDICTION AND VENUE.

1.    The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

2.    Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Brooklyn, New York.

3.    Plaintiff is an individual who resides in Brooklyn, NY.

4.    Defendants GEMINI ASSET RECOVERIES INC., a corporation organized under the laws of the State of New York, with its principle office at 2 Eton Court, Plainview, NY 11803. It may be served by and through the New York Secretary of State, Department of State's office at One

Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

5. Defendants Cohen & Slamowitz LLP, a limited liability partnership, organized under the laws of the State of New York, with its principle office at 199 Crossways Park Dr, PO Box 9004, Woodbury, New York 11797. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

### B. STATEMENT OF FACTS

6. Plaintiff Christopher O'Connor is the victim of identity theft and for 4 ½ years he has been hounded for a debt he does not owe, charged on a Fleet Bank credit card.

7. As far as Plaintiff has been able to determine, apparently all of the fraudulent charges were incurred after November 2002. Apparently all of the statements that reflect the fraudulent charges were sent to an address at which Plaintiff no longer resided, and had not resided since approximately November 2002.

8. Most recently, Plaintiff was contacted by Defendant Gemini, acting at all relevant times by and through their law firm, Defendant Cohen & Slamowitz. For simplicity this complaint will refer to them jointly simply as "Defendants."

9. Defendants contacted Plaintiff regarding the Fleet Bank debt. As early as January 2006 Plaintiff informed Defendants that the debt was not his; that it was the result an apparent theft of his identity; and that he had been fighting these fraudulent charged for years.

10. Despite being placed on actual notice that the debt was the result of identity theft, Defendants continued to attempt to collect the fraudulent debt by continuing to send collection letters and by filing a collections lawsuit in Brooklyn Civil Court in Index Number CV-015197-

08/KI, Gemini Asset Recoveries Inc v. Christopher A. O'Connor.

11. After receiving a copy of the summons on or about March 14, 2008 Plaintiff sent Defendants written notice on at least two different occasions that the debt was the result of identity theft. Plaintiff sent Defendants a fraud affidavit along with copies of his disputes with prior debt collectors over the years and other documents. Plaintiff also included a copy of a police report. Plaintiff demanded that the suit be dismissed. Plaintiff specifically put Defendants on written notice that if they did not dismiss suit within a date certain that Plaintiff would be forced to incur damages in the having to hire an attorney to defend himself. Defendants ignored Plaintiff's pleas.

12. Plaintiff was forced to retain an attorney to defend the state court action. Ultimately, the case was discontinued with prejudice.

13. Defendants sent Plaintiff a collections letter stating that the "balance due" was $813.12. This balance rolled in a $45.00 index number fee.

14. In dunning letters to Plaintiff Defendants falsely stated that, if Defendants received a written dispute from Plaintiff within 30 days, Defendants would cease attempts to collect the debt until if and when they sent Plaintiff written verification of the alleged debt.

15. No attorney at Cohen & Slamowitz reviewed the dunning letters sent to Plaintiff nor the complaint in the collections lawsuit.

16. Defendants filed and maintained a collections lawsuit against Plaintiff and sent Plaintiff dunning letters when Gemini Asset Recoveries had no legal right to collect the account for which Defendants filed suit.

**COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.**

17. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

18. Plaintiff brings these F.D.C.P.A. claims as a "private attorney general" acting in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

19. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

20. Each Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

21. The obligation alleged by Defendants in the underlying action and in the dunning letter is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. Defendant Gemini purchased the debt that formed the basis of the underlying lawsuit after it went in default with the alleged original creditor.

23. Defendants' litigation in the underlying action, dunning letters, and pulling of Plaintiff's credit report(s) constituted an attempt to collect a debt within the meaning of the federal Fair Debt Collection Practices Act.

24. Defendants violated the following sections of the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, 1692g and 1692j. By way of example and not limitation Defendants violated the F.D.C.P.A. by taking the following actions in an attempt to collect a debt: misrepresenting the character, status, and amount of the debt; misrepresenting the compensation which may be lawfully received; falsely representing that a communication is from an attorney; using a name other than the true name of the debt collector's business; attempting to collect an amount not permitted by law or contract;

threatening to take and actually taking an action prohibited by law; using false, deceptive or misleading representations or means; using a unfair or unconscionable means; engaging in conduct the natural consequence of which is to harass, oppress any person; and violating the validation rights of a consumer.

25. Plaintiff seeks actual damages, statutory damages and attorney's fees and costs.

### C. JURY DEMAND.

26. Plaintiff demands a trial by jury.

### D. PRAYER

27. For these reasons, Plaintiff asks for judgment against Defendants for the following:

   i. The above referenced relief requested;

   ii. Statutory damages, including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.);

   iii. Actual damages within the jurisdictional limits of the court;

   iv. Attorney fees and costs;

   v. Prejudgment and post-judgment interest as allowed by law;

   vi. General relief;

   vii. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

        Respectfully submitted,
        /s/

Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
State of New York Bar Number: 4524260

The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:   (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Karl Zamurs
>Garcia & Stallone
>Attorneys for Defendants Gemini Asset Recoveries Inc. and Cohen & Slamowitz LLP
>One Greenway
>135 Pinelawn Road
>Melville, NY 11747-3133

Dated:  Brooklyn, NY
        January 12, 2010


/s/
Ahmad Keshavarz
Attorney for Plaintiff